No. 24-3105

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

## UNITED STATES OF AMERICA,

*Appellee,*

v.

## REBECCA LAVRENZ,

*Appellant.*

## APPELLANT REBECCA LAVRENZ'S RESPONSE AND OPPOSITION TO GOVERNMENT'S MOTION TO VACATE

COMES NOW Appellant Rebecca Lavrenz, by and through her undersigned counsel, who hereby opposes the United States' motion to vacate and dismiss this appeal. This appeal is not moot, and involves legal questions which are capable of repetition yet avoiding review.

Rebecca Lavrenz, the Praying Grandma, was given the harshest fine in U.S. history in a misdemeanor case ($103,000), a sum that was deliberately designed to seize all money publicly raised for her appeal. (DOJ filed motions in every J6 case to seize all donations, as "fines.") Lavrenz was punished for mentioning her belief in the 1st amendment during her testimony. The trial judge essentially

instructed the jury that there are no 1st amendment rights at the U.S. Capitol (ignoring generations of case law). Only Lavrenz's complete exoneration in this appeal can properly vindicate Lavrenz's rights.

1. The Appellant, Rebecca Lavrenz, is an innocent person; wrongly convicted of the crimes in this case, which she did not commit.

2. This appeal brings forth profoundly important and significant issues which should be litigated to final decision on their merits.

3. Specifically, Lavrenz's appeal challenges a punitive jury instruction, repeated as many as ten times to the jury,[1] which falsely told the jury that Lavrenz's *innocent* state of mind was no defense:

> **The laws Ms. Lavrenz is alleged to have violated are constitutional under the First Amendment. In criminal cases like this one, a mistake of law**

---

[1] The jury deliberated parts of five days in Lavrenz's case, over misdemeanors. The jury's confusion over the false instructions was so profound that the jury wrote a half dozen notes to the judge seeking clarification. Each time, over objection, the trial judge falsely instructed the jury (again) that the government had no burden to show criminal intent, and that Lavrenz's "actions are criminal regardless of her belief. . ."

> **on the part of the accused does not justify her actions. If a defendant deliberately and intentionally engages in conduct the law prohibits, her actions are criminal regardless of her belief that her actions were lawful or guided by high motive. *To summarize*, ignorance of the law does not negate a defendant's criminal liability if the Government proves the elements of the offense beyond a reasonable doubt.**

Tr Trans 225.

4. The trial court's imposition of the false (repeated, over-and-over) jury instruction constitutes plainly reversible error; and Lavrenz is entitled to explicit exoneration.  Not just dismissal.

5. Lavrenz was charged with crimes requiring a "willfully" level of scienter—meaning the government needed to show that Lavrenz knew she was breaking the law.

6. Lavrenz was also charged with specific-intent crimes—meaning the government needed to show that Lavrenz consciously broke the law for an illegal purpose.  Accordingly, the above jury instruction was improper and Lavrenz is entitled to complete exoneration, or at least a new trial.

7. Additionally—as laid out in Lavrenz's brief—*many* previous courts have explicitly held that the misdemeanor statutes at issue *can only be upheld from 1st amendment challenges* if

curative or limiting instructions are understood or given which essentially add an additional element of specific intent to disrupt proceedings. For example, Jeannette Rankin Brigade v. Chief of Capitol Police, 421 F.2d 1090, 1106 (D.C.Cir.1969); *Grace v. Burger*, 665 F.2d 1193 (D.C.Cir.1981); Hodge v. Talkin, 949 F.Supp.2d 152 (D.D.C. 2013)United States v. Wall, 521 A.2d 1140, 1142 (D.C.1987); Pearson v. United States, 581 A.2d 347 (D.C.1990), *United States v. Nicholson*, 263 A.2d 56, 57 (D.C.1970) (acknowledging "the overbroad scope" of the laws).

8. Thus the district court's proclamations in Lavrenz's case that there are no 1st amendment rights at the U.S. Capitol was plain, obvious, and reversible error.

### The $103,000 fine is also reversible error.

9. The outrageous fine given in Lavrenz's case—the harshest fine in U.S. history in a misdemeanor case—is also reversible error.

10. The fine was explicitly and purposefully designed by the district court to seize Lavrenz's appellate legal funds to prevent Lavrenz from appealing.

11. The district court explicitly condemned Lavrenz's chances for appeals, and then seized Lavrenz's appellate funds—which had been crowdfunded—as a "fine."

12. This was a due process violation of the lowest order; and Lavrenz is entitled to reversal on this basis alone.

13. Additionally, the district court imposed a "no internet" special condition on Lavrenz—clearly designed to silence Lavrenz and prevent Lavrenz from communication the injustice of her conviction to the outside world.

14. The special condition was not tailored to any allegations in Lavrenz's case.  It was a special condition designed to keep the public from being informed regarding this miscarriage of justice.

15. Accordingly, this was both a 1st amendment violation as well as a 5th amendment due process violation and a 6th amendment public trial violation.

WHEREFORE, the Appellant opposes the government's motion to vacate and dismiss.

/s/ Roger Roots

By: */s/ Roger Roots*
Roger Roots, Esq.
John Pierce Law, P.C.
21550 Oxnard Street
3rd Floor, PMB#172
Woodland Hills, CA 91637
(775) 764-9347
jpierce@johnpiercelaw.com

*Attorney for the Appellant*

## CERTIFICATE OF WORD COUNT COMPLIANCE

This document contains 1,063 words, and I certify that it complies with the word count limitations for such a document.

Dated: March 2, 2025         */s/ Roger Roots*
                                 Roger Roots

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(c) and Cir. R. 25(c), that on March 2, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

Dated: March 2, 2025         */s/ Roger Roots*
                                 Roger Roots